UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| CORTREZ SLATER, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, et al., <br><br> Defendants. | Case No. 4:21-cv-105-LPR |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The plaintiff's complaint should be dismissed. The plaintiff fails to state plain and simple facts supporting a cause of action against any of the Indiana defendants. In fact, the complaint does not mention even one fact carried out by the Indiana defendants. Moreover, the Eleventh Amendment bars the plaintiff's claim insofar as it seeks damages against state actors in their official capacities and seeks injunctive relief that the Indiana defendants lack the power to grant. Therefore, the claim should be dismissed for failure to state a claim and for lack of subject matter jurisdiction over the defendants.

**I.     Facts**

1.     Cortrez Slater, the plaintiff, filed a complaint in this Court on February 9, 2021. (ECF No. 1)

2.     In his complaint, he appears to allege that his Fourteenth Amendment rights were violated after incurring a monthly charge against his credit report of $118.187. (*Id*. at §IV)

3.     He appears to allege that there is an amount in controversy of $118,187. (*Id*. at §II)

4. Mr. Cortrez named the Indiana Child Support Bureau as a defendant. The Indiana Child Support Bureau is a government agency of the State of Indiana.

5. Mr. Cortrez also named Adam Norman as a defendant. Mr. Norman is an employee of the Indiana Department of Child Services, a government agency of the State of Indiana.

**II.     Legal Standards**

A complaint should be dismissed where it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To prevail, a plaintiff must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *K.T. v. Culver-Stockton College*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must allege sufficient facts that, taken as true, "state a claim to relief that is plausible on its face." *Id*. (internal quote omitted). A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court makes "this determination by considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Id*. (quoting *Cox v. Mort. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012)).

"Sovereign immunity is a jurisdictional doctrine, and a motion to dismiss turning on the issue of whether a claim…is proper before the Court should be viewed as a 12(b)(1) motion for dismissal for lack of subject matter jurisdiction." *Beene v. Henderson State University*, 2011 WL 210217, *2 (W.D. Ark. 2011) (citing *Brown v. United States*, 151 F.3d 800, 804 (8th Cir. 1998)). Rule 12(b)(1) allows the Court to dismiss a claim, on its face or in light of outside evidence, where it lack proper subject matter jurisdiction. *Beene*, 2011 WL 210217 at *2. "Facial attacks

challenge subject matter jurisdiction based solely on the allegations appearing on the face of the complaint." *Id*. Where a motion makes a facial attack, the Court grants the non-moving party the same protections as under a Rule 12(b)(6) motion. *Id*.

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. Amend. XI. The Eleventh Amendment generally bars any suit brought in federal court against a state, state agency, or state officials acting in their official capacities." *Gordon v. Board of Trustees of the University of Arkansas*, 168 F.Supp.3d 1148, 1153 (E.D. Ark. 2016) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996)). There are three exceptions to the bar: (1) an act of Congress abrogating the States' immunity, (2) a State waiver of immunity, or (3) suits brought by plaintiffs seeking prospective injunctive relief for ongoing violations of federal law. *Id*.

### III.   Argument

Mr. Cortrez's complaint is entirely insufficient to support a claim before this Court. Mr. Cortrez attempts to sue Indiana government officials in Arkansas without bothering to explain in his complaint the facts supporting his lawsuit. The Court and the Indiana defendants have been provided no notice regarding why they should be liable for any of Mr. Cortrez's alleged damages. Therefore, the complaint should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Moreover, the Eleventh Amendment bars suits against government officials in their official capacities, and therefore the Court lacks subject matter jurisdiction over this case. Fed. R. Civ. Pro. 12(b)(1).

      a. **The Complaint Should Be Dismissed For Failure to State Any Facts Supporting the Inference that the Defendants Are Liable for the Alleged Misconduct, Pursuant to Rule 12(b)(6)**

Mr. Cortrez fails to identify how the Indiana defendants violated his rights. The complaint is devoid of any single fact implicating any of the Indiana defendants in any wrongdoing. (ECF No. 1) As written, the complaint provides no notice to the defendants regarding whether or how they are responsible for any injury Mr. Cortrez allegedly has suffered. Therefore, the complaint is not plausible in that it does not provide the Court with any facts from which it can draw a reasonable inference that the Indiana defendants are liable for any of Mr. Cortrez's alleged injuries. The complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.

      b. **The Complaint Should Be Dismissed because It Is Barred by the Doctrine of Sovereign Immunity under the Eleventh Amendment, Pursuant to Rule 12(b)(1)**

To the extent Mr. Cortrez's complaint is interpreted as one seeking damages against the Indiana governmental defendants in their official capacities, such claim is barred by the Eleventh Amendment and the doctrine of sovereign immunity. Moreover, if it is interpreted as one seeking injunctive relief, it is also barred since the defendants do not have power to grant the requested relief. Therefore, the Court lacks subject matter jurisdiction over this claim.

Mr. Cortrez appears to seek damages in the amount of $118,187 against a governmental agency of the State of Indiana and government employees of the State of Indiana. (ECF No. 1 at §C) *Gordon*, 168 F.Supp.3d at 1154. To the extent that he sues the defendants in their official capacities, this claim is barred. Moreover, if the Court construes his complaint as seeking injunctive relief, the claim is likewise barred because he has not presented facts explaining how the named defendants have power to remove any debt that has been added to his credit report.

(*Id*. at §IV) *See id*. (finding that the Eleventh Amendment barred claim for injunctive relief because the plaintiff did not allege "that the…defendants have the responsibility or the capacity to provide him with the prospective relief he seeks"). The State of Indiana has not waived its sovereign immunity for purposes of this lawsuit. Therefore, the Eleventh Amendment bars Mr. Cortrez's suit against the Indiana defendants.

    WHEREFORE, the Indiana defendants, by counsel, respectfully move the Court to dismiss all claims against them with prejudice, and for all other just and proper relief.

                                              Respectfully Submitted,

                                              THEODORE E. ROKITA
                                              Indiana Attorney General
                                              Atty. No. 18857-49

Date:  <u>April 12, 2021</u>      By:    Alexander R. Carlisle
                                              Deputy Attorney General
                                              Atty. No. 34533-49
                                              Indiana Government Center South – 5th Fl.
                                              302 W. Washington Street
                                              Indianapolis, IN  46204-2770
                                              Phone: (317) 234-6667
                                              Fax:  (317) 232-7979
                                              Email:  Alexander.Carlisle@atg.in.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I also certify that a copy of the foregoing has been served upon the parties listed below, by United States mail, first-class postage prepaid, on April 12, 2021:

    Cortrez Slater
    21717 Highway 13
    Bigelow, AR 72016

                                      Alexander R. Carlisle
                                      Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South – 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Telephone:     (317) 234-6667
Fax:                (317) 232-7979
Email:  Alexander.Carlisle@atg.in.gov