IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CORTREZ SLATER**                                                                                             **PLAINTIFF**

**vs.**                               **CASE NO. 4:21-CV-105**

**U.S. DEPARTMENT OF STATE, et al.**                                                       **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION TO DISMISS OF D. ERIC NEFF

COMES NOW D. Eric Neff (hereinafter, "Neff"), by and through his undersigned counsel, NIXON, LIGHT & BUZBEE, PLLC, and for his Brief in Support of Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(6) states as follows:

### FACTUAL BACKGROUND

On February 9, 2021, Plaintiff filed his Complaint in the United States District Court for the Eastern District of Arkansas asserting a claim for negligence. In the style of his Complaint, Plaintiff named the U.S. Department of State, the Attorney General of Indiana, the Deputy Director of Child Support Services of Indiana, the Indiana Child Support Bureau, the Jefferson County Department of Human Resources, Lorenzo Arredondo, Rebecca L. Wyatt and John Does 1-8. The body of the Complaint, however, does not reference all defendants nor does the body of the Complaint make any reference to John Does 1-8. Specifically, nowhere in the Complaint is Neff mentioned by name or is any assertion or claim made against a John Doe that could conceivably be Neff. Additionally, no summons have been issued by the Clerk in this action.

The pro se complaint vaguely alleges that the "Respondents" have "conspired under the color of law" in a court of original jurisdiction. The Complaint goes on to allege that that this "conspiracy" has violated his 14th Amendment rights and has caused "extreme emotional, mental and financial" distress and skin rashes due to a negative credit report of a debt of $118,187.00. In his prayer for relief, the Plaintiff requests that this debt be declared null and void and removed from his credit report.

On or about March 22, 2021, Neff was served with a document titled "Summons in a Civil Action" wherein he was named as a Defendant. The document fails to provide the name and address of plaintiff or plaintiff's attorney, fails to include the date said document was issued and fails to include the signature of the Clerk or Deputy Clerk. A copy of the document is attached hereto as Exhibit "A".

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. See *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.' Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**ARGUMENTS**

A. **The Complaint should be dismissed as to D. Eric Neff due to insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4).**

Pursuant to Fed. R. Civ. P. 4(a)(1) a summons must (1) state the name and address of the plaintiff's attorney or-if unrepresented-of the plaintiff, (2) be signed by the clerk and (3) bear the court's seal. *Id* at (C), (F), and (G). According to the docket entry in this case, no summons has been issued by the Clerk.

Insufficient process that does not bear the signature of seal of the federal clerk of court and does not state the plaintiff's address deprives the Court of personal jurisdiction over the Defendant. See *Schroeder v. Kochanowski*, 311 F.Supp.2d 1241 (Kan. 2004). This is true even if the Defendant is properly served. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (Del. 1996). Clearly, the summons served on D. Eric Neff is

significantly deficient and fails to confer personal jurisdiction. Accordingly, the Complaint should be dismissed as to D. Eric Neff.

### B. The Complaint should be dismissed as to D. Eric Neff due to failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Plaintiff's complaint wholly fails to identify any facts – *or even any conclusions* – that support any claim for negligence, fraud, conspiracy or any other alleged wrong-doing as to D. Eric Neff. In fact, the Complaint fails to name D. Eric Neff or even a "John Doe" that could reasonably be presumed to be this Defendant. As written, the complaint provides no notice to the defendants regarding whether or how they are responsible for any injury Mr. Cortrez. Based upon the parties actually named, it appears that the Plaintiff is complaining about a debt that is somehow tied to a child support obligation. Beyond that, there are no facts that connect any of the parties to such an allegation or even how this debt would amount to "wrong-doing" justifying relief. Put simply, the Complaint is so wholly deficient of factual allegations that it is impossible for any party to be advised of the claims against him and to properly defend same. The complaint, as written, is the epitome of a failure to state a claim upon which relief can be granted.

WHEREFORE, D. Eric Neff prays that his Motion to Dismiss be granted, that he be dismissed from these proceedings, for his costs and attorney fees expended herein, and for all other just and proper relief to which it is entitled.

Respectfully submitted,

JOHN B. BUZBEE (Ark. Bar 08045)
NIXON, LIGHT & BUZBEE, PLLC
Attorneys at Law
10201 W. Markham, Suite 108
Little Rock, Arkansas 72205
501.376.3600 Telephone
501.225.6370 Facsimile
john@nixonandlight.com

**CERTIFICATE OF SERVICE**

I, John B. Buzbee, state that on this 19th day of April, 2021, I have served a copy of the foregoing Motion to Dismiss upon all parties indicated below via the Court's electronic filing system.

**Cortrez Slater**
21717 Highway 13
Bigelow, AR 72016

**Alexander R. Carlisle**
Indiana Government Center South
Deputy Attorney General
302 West Washington Street
Indianapolis, IN 46204-2770

**Renae Ford Hudson**
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR 72201-2610

John B. Buzbee
John B. Buzbee (Ark. Bar 08045)