**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CORTREZ SLATER**                                                              **PLAINTIFF**

**v.**                              **Case No. 4:21-cv-00105-LPR**

**U.S. DEPARTMENT OF STATE, Secretary;
ADAM NORMAN, Deputy Director Child
Support Services; JOHN DOES 1-8, Offices
of Child Support Services and Attorney General,
Indiana; INDIANA CHILD SUPPORT BUREAU,
Indiana Child Support Enforcement Division IV-D;
JEFFERSON COUNTY DEPT OF HUMAN RESO,
Alabama Child Support Enforcement Division, IV-D;
LORENZO ARREDONDO, County Clerk-Lake County,
Indiana; REBECCA L. WYATT, P.C. #16916-64**                  **DEFENDANTS**

**<u>ORDER</u>**

Plaintiff Cortrez Slater paid the filing fee and filed his *pro se* negligence action seeking money damages.[1] Mr. Slater alleges Defendants conspired to allow $118,187 to fraudulently be charged to his credit report on a monthly basis for over thirteen years.[2] More specifically, Mr. Slater alleges that Defendants (1) criminally conspired against him in violation of 18 U.S.C. § 241, (2) violated his rights to due process, and (3) subjected him to thirteen years of extreme emotional, mental, and financial abuse by allowing his credit report to be charged monthly.[3] Mr. Slater asks the Court to remove $118,187 of fraudulent debt from his credit report.[4]

---

[1] Complaint, Doc. 1. Although Mr. Slater alleges diversity jurisdiction, the Clerk's Office filed his Complaint as arising under 42 U.S.C. § 1983.

[2] *Id*. at 4.

[3] *Id.*

[4] *Id*.

The Court must do some housekeeping. As is his responsibility, Mr. Slater issued summons.[5] Mr. Slater had 90 days, or until Monday, May 10, 2021, to perfect service.[6] Absent waiver, an affidavit of proof of service must be filed with the Court.[7] A review of the docket sheet reveals that several of the Defendants have not been served and the time for doing so has passed. Accordingly, Defendants U.S. Department of State, Jefferson County Dept of Human Reso, Lorenzo Arredondo, and Recbecca Wyatt are dismissed without prejudice for want of service.

In the same vein, Mr. Slater has not identified the Doe Defendants. A number of individuals who Mr. Slater served summons have filed Notices of Non-Involvement.[8] They note that they are not named defendants to the lawsuit and have no involvement in the case in any event.[9] They are correct. Mr. Slater has not named them anywhere in the Complaint nor has he asserted how, if at all, they were involved with his claim. Consequently, Chief Justice Loretta Rush, Magistrate Judge Alexis Dedelow, Magistrate Judge Shaun Olsen, and Prosecuting Attorney Linda Drake are dismissed without prejudice.

Now the Court will turn its attention to the two pending Motions to Dismiss. The first was filed by separate Defendants Adam Norman, the Honorable Shaun Olsen, the Honorable Alexis Dedelow, and the Indiana Child Support Bureau.[10] Yet another unnamed-but-served individual,

---

[5] FED. R. CIV. P. 4(c)(1).

[6] FED. R. CIV. P. 4(m).

[7] FED. R. CIV. P. 4(l)(1).

[8] Notices of Non-Involvement, Docs. 6, 7, 8, & 9.

[9] *Id*.

[10] Motion to Dismiss, Doc. 3.

Eric Neff, also moves for his dismissal.[11] Mr. Slater has not responded to either motion. For the reasons stated below, the Motions to Dismiss are GRANTED.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] In a discrimination case, *prima facie* facts need not be pleaded; rather, the plaintiff is required only to give the defendant fair notice of the claims and supporting grounds.[13] A motion to dismiss for failure to state a claim nevertheless prevails when, after reviewing the complaint most favorably to the non-moving party, a court determines the pleaded facts are conclusory and lend no plausible support for the claims.[14]

Mr. Slater's Complaint is so scantily pleaded that it is difficult for the Court and the Defendants to understand his claim. As best as the Court can tell, it appears that Mr. Slater has been subjected to some sort of monthly child-support assessment, which he challenges. If the Court is correct, and Mr. Slater is attempting to challenge such an assessment, then his claim would fail for a couple of reasons. First, under the domestic relations exception, this Court lacks subject matter jurisdiction.[15] Second, the *Rooker-Feldman* doctrine prevents the Court from setting aside

---

[11] Neff Motion to Dismiss, Doc. 11. Judges Olsen and Dedelow have already been dismissed for the reasons stated above; therefore, the Court will focus its attention on the remaining Defendants.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *See Cook v. George's Inc.*, 952 F.3d 935, 938–39 (8th Cir. 2020).

[14] *See Wilson v. Ark. Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017); FED. R. CIV. P. 12(b)(6).

[15] *See Wallace v. Wallace*, 736 F.3d 764, 766–67 (8th Cir. 2013).

any state court ordered child support.[16] Further, Mr. Slater erroneously relies on a criminal conspiracy statute. Private citizens have no standing to bring criminal charges.[17]

In any event, Mr. Slater has failed to state a claim for relief. Nowhere in his Complaint does Mr. Slater state any specifics. None of the Defendants nor their role in his claims are identified. There is literally nothing in the Complaint from which any of the Defendants could discern their supposed involvement. Because Mr. Slater has failed to state a claim against any of the remaining Defendants, his Complaint is dismissed without prejudice.[18]

IT IS SO ORDERED this 8th day of November 2021.


LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005);  *see also Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011).

[17] *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009).

[18] There are also obvious sovereign immunity issues. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 739 (1982) (holding money damages are available as a remedy only when regulations specifically authorize it); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).